UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**F.V. STEEL AND WIRE COMPANY,**
          Appellants,

          v.                                        Case No. 05C1297

**HOULIHAN LOKEY HOWARD &
ZUKIN CAPITAL, L.P.,**
          Appellees.

## ORDER

In this appeal, F.V. Steel and Wire Co. ("F.V. Steel") challenges the bankruptcy court's decision approving final compensation for Houlihan Lokey Howard & Zukin Capital, L.P. ("Houlihan"). On January 26, 2006, the Management Retirees of Keystone Steel and Wire Co. (the "Retirees") filed a motion for leave to file an amicus curiae brief with this court supporting reversal of the bankruptcy court's decision. Retirees argue that they have a stake in this appeal, as retirees who have negotiated for continuing benefits in the wake of F.V. Steel's bankruptcy. Houlihan filed a brief in opposition to the Retirees' motion. On February 16, 2006, the Committee of Unsecured Creditors of F.V. Steel and Wire Co. (the "Committee") filed a motion for leave to file an amicus curiae brief with this court supporting affirmance of the bankruptcy court's decision. As the entity that contracted with Houlihan, the Committee claims to have a unique perspective. Both F.V. Steel and Houlihan filed briefs in opposition to the Committee's motion.

Whether to permit the filing of an amicus curiae brief is in my sound discretion. Fed. R. App. P. 29(a). <u>See also</u> Fed. R. App. P. 29(e). The Seventh Circuit has warned judges

not to accept amicus curiae briefs that fail to add anything to the parties' briefs. Ryan v. CFTC, 125 F.3d 1062, 1064 (7th Circuit 1997). It has stated that such briefs should be allowed, among other reasons, where it can provide "unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." Id. at 1064. Amicus curiae briefs have been allowed where an interested party has a stake in the decision. Chamberlain Group v. Interlogix, 2002 WL 1197258, *1 (N.D. Ill. 2004).

In this case, both the Retirees and the Committee have a stake in the outcome of this case and they bring to the case unique perspectives that may assist me in deciding the case. Any assistance that I derive from their briefs will be limited to their analysis of facts already in the record and of the applicable law.

Therefore,

**IT IS ORDERED** that the Management Retirees of Keystone Steel and Wire Co.'s motion to file an amicus curiae brief for case number 05C1297 is **GRANTED.**

**IT IS FURTHER ORDERED** that the Official Committee of Unsecured Creditors' motion to file an amicus curiae brief for case number 05C1297 is **GRANTED**.

Dated at Milwaukee, Wisconsin this 31 of July, 2006.

/s_____
LYNN ADELMAN
District Judge